McKinney, J.,
delivered the opinion of the Court.
This was an action of assumpsit brought by the defendant in error against Brazelton, in the Circuit Court of Eranklin, on the 16-th of November, 1852, to recover the amount of his subscription for stock in the road: and also for money had and received to the use of the plaintiff.
*571 The defendant pleaded non-assumpsit, payment, and' set-off.
It appears that Brazelton was employed by the company as a contractor, in the construction of the road, and that he performed a large amount of wort in grading the track of the road. While thus employed, he received various sums of money belonging to the company, amounting to a large sum; and, as alleged, exceeding considerably the amount due to him for his work upon the road, according to the contract prices. To recover which excess the present action was brought.
The defendant, not producing, or relying upon, the contract under which the work was performed, examined various witnesses to show the amount and kinds of labor done by him, and their estimates of the reasonable value thereof. This evidence seems to have been offered upon the assumption that the contract under which the work was done had been obtained by fraud on the part of the agent of the company. It does not seem to have been controverted, that according to the contract pricesj and the estimates of the engineer of the road, the defendant’s claim for his work and labor had been satisfied, leaving him indebted to the company.
The value of the defendant's work, according to the vague and general estimates of his witnesses, very largely exceeded the amount to which he was entitled by the terms of the contract.
The jury found against the plaintiff on the pleas of non-assumpsit and payment; and on the plea of set-off, they found that the plaintiff was indebted to the defendant in the sum of $4596.&0.
On this finding, the defendant, by his counsel, moved the' Court to render judgment against the plaintiff, in favor of defendant. The Court refused the motion. And upon this ground an appeal in error was prosecuted to this Court.
The question presented by counsel is, whether, under the-act of 1852, ch. 259, the Court possessed the power or jurisdiction to render any judgment in favor of the defendant, on the finding of the jury; for, the case having- arisen before the adoption- of the Code, its provisions have no application.
*572 The act of 1852, sec. 2, provides, that ■“ where the set-off plead by the defendant, is found to exceed the claim of the plaintiff, in any of the Circuit Courts of this State, that the Court shall give judgment in favor of the defendant, for the excess of the said set-off over the claim of the plaintiff.”
A set-off was unknown to the common law; and the principle of set-off as introduced by statute, was restricted in its operation to the abatement or extinguishment of the plaintiff’s demand, as the case might be; it had no greater scope. Prior to the act of 1852, in original cases in the eourts of record, if the defendant’s set-off exceeded the plaintiff’s demand, he ivas turned round to an action to recover the excess. This was sometimes attended with serious inconvenience, especially where the set-off consisted of matter of account composed of numerous items, from the difficulty of establishing what particular portions of the account were embraced in the set-off. To remedy this difficulty, and others that may be imagined, and likewise to prevent circuity of action, the act of 1852 was passed.
But there is nothing in the act from whieli it can fairly be deduced that it was the intention of the Legislature to change the essential principle of set-off, further than merely to invest the courts with powrer to render judgment for the defendant, in case his claim exceeded the plaintiff’s, and a verdict were found in his favor for sueh excess. This is the extent of the power. The idea of a set off, in a case where the plaintiff has altogether failed to establish any demand whatever against the defendant, is not to be found in the act of 1852. The right to a set-off is incidental to, and dependent upon the fact of the plaintiff’s having established a right of recovery against the defendant; and if this fails, the right of set-off cannot exist.
Such was the construction given to the act of 1815, ch. 53, in the case of Edington v. Pickle, 1 Sneed, 122; and the principle is the same in both cases.
If it were necessary to the determination of the case, it might well admit of doubt whether the evidence in support of *573 the set-off was at all admissible, inasmuch as the defendant’s claim, as it would seem from this record, arose out of the alleged fraud of the plaintiff; and, therefore, under any statute prior to the act of 1856, was not the proper subject of a set-off. But a decision of this point is not called for.
Judgment affirmed.